UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO A. HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LARRY WITEK, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO.   1:09-cv-01955-MJS (PC)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 3) |

**ORDER**

I.	**PROCEDURAL HISTORY**

　　Plaintiff Edmundo A. Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on November 6, 2009. (ECF No. 1.) He consented to Magistrate Judge jurisdiction on November 30, 2009. (ECF No. 6.) No other parties have appeared in this action. The Court has not yet screened Plaintiff's Complaint.

　　Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 3.)

## II. **ARGUMENT**

In the Motion it appears that Plaintiff is asking the Court to declare invalid a prison policy declaring a certain type of picture identification card used by visitors to be unacceptable. Specifically, Plaintiff states that in January 2002 a memorandum was sent to all wardens directing them to disallow visitors who rely upon a Matricula Consular Identification Card. Plaintiff alleges that this memo specifically and unfairly targeted Mexican Nationals. He further alleges that his mother used such identification to visit him regularly until 2008 when his prison first began complying with the memorandum. Since then, she has been unable to visit.

## III. **LEGAL STANDARDS**

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed.R.Civ.P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction. To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)

(citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid.  Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).  Under this sliding scale, the elements of the preliminary injunction test are balanced.  As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**IV.    ANALYSIS**

Plaintiff claims that he can demonstrate all factors necessary for the granting of a TRO, specifically that: the Equal Protection Clause of the Constitution is being violated; deprivation of this fundamental constitutional right amounts to irreparable injury; a remedy at law would be inadequate; there is a strong likelihood of success on the merits because the prison does not have a rational basis for this policy; the opposing party will not be harmed; and granting the TRO is in the public interest.

To succeed on such motion, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. At this stage of the proceedings, it can not be said that Plaintiff has met all of these

3

prerequisites.  First, he states that he is likely to succeed on the merits because the policy does not have a rational basis.  However, from the attachments to his Motion, it appears that the policy arose out of a legitimate penological goal, i.e., to increase security for the prison and its inmates..  Second, while the Court appreciates that denial of a mother's visits may well be harmful, there is no showing that the harm is irreparable; indeed, one would anticipate that the entire situation could be corrected simply by Plaintiff's mother obtaining alternative identification acceptable to the prison.   There is no showing that reasonably accessible alternatives are not available.  Plaintiff does not address the balance of equities issue.  He claims that the public interest will benefit, not be harmed by a TRO, but makes no showing as to how or why that might occur.

Accordingly, the criteria for injunctive relief not having been met,  Plaintiff's Motion for a Temporary Restraining Order must be DENIED. The Court recognizes that Plaintiff's Complaint, which has not yet been screened, also requests similar relief.  In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief as outlined in the Complaint. .

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated:   January 7, 2011              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

4