# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>LARRY WITEK, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-1955-LJO-MJS<br><br>ORDER REQUIRING DEFENDANT DENNY TO PAY TO THE UNITED STATES MARSHAL THE COSTS INCURRED I N EFFECTING SERVICE |

On October 4, 2011, the Court ordered the United States Marshal to serve process on the Defendants in this case. (ECF No. 18.) The Marshal was directed to attempt to secure a waiver of service before undertaking personal service. If a waiver of service was not returned by a defendant within sixty days, the Marshal was to effect personal service in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of attempts, if any, to secure a waiver of service and evidence of all costs subsequently incurred in effecting personal service.

On April 24, 2012, the United States Marshal filed a return of service with a USM-285 form showing charges of $299.56 for effecting personal service on Defendant Denny. The form shows that a waiver of service form was mailed to Defendant Denny on October 6, 2011, but no response was received.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the

summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Denny was given the opportunity required by Rule 4(d)(1) to waive service, but failed to do so. The Court issued an order, giving him an opportunity to show good cause for failing to waive service. (ECF No. 32.) He has filed a response, but it fails to show good cause. (ECF No. 33.) It establishes only that a calendaring error caused the failure to timely provide a waiver of service. (Id.) Regardless that the error was innocent, the cost thereof should be borne by the party who caused it.

Accordingly, IT IS HEREBY ORDERED that within **twenty (20) days** from the date of this order, Defendant Denny shall pay to the United States Marshal the sum of $299.56.

IT IS SO ORDERED.

Dated:   June 15, 2012           /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE