UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO A. HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>LARRY WITEK, et al.,<br><br>Defendants.<br>_____/ | CASE NO.   1:09-cv-1955-LJO-MJS (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS FOR DISMISSAL AND<br>FORWARDING AMENDED SECOND INFORMATIONAL ORDER - NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 27 & 36) |

Plaintiff Edmundo A. Hernandez ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants filed a motion to dismiss on January 13, 2012.  In light of the decision in Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012) and pursuant to Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court hereby VACATES the Findings and Recommendations granting Defendants' motion to dismiss and notifies Plaintiff of the following rights and requirements for opposing the motion:

    1. Unless otherwise ordered, all motions to dismisses are briefed pursuant to Local Rule 230(l).

    2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss.  Local Rule 230(l).  Plaintiff has failed to respond to

1  Defendants' motion and Defendants have filed a notice of non-opposition. (ECF No. 29.)
2  However, due to the decision in Woods, the Court will give Plaintiff a further opportunity
3  to file opposition to Defendants' motion to dismiss along with renewed information
4  regarding how to do so.

5      3. **The opposition or statement of non-opposition must be filed not more than
6  21 days after the date of service of this order**. Local Rule 230(l).  <u>If Plaintiff fails to file
7  an opposition or a statement of non-opposition to the motion, this action may be dismissed,
8  with prejudice, for failure to prosecute</u>.

9      4. A motion to dismiss can be filed on a number of grounds. Fed. R. Civ. P. 12(b).
10 Defendants have filed a motion to dismiss for failure to exhaust administrative remedies,
11 for lack of standing, and because Defendants are entitled to qualified immunity. (ECF No.
12 27.)

13     Plaintiff has a right to oppose the motion to dismiss. Local Rule 230(l) provides that
14 the failure to oppose a motion "may be deemed a waiver of any opposition to the granting
15 of the motion . . ." This means that the Court may deem Plaintiff's failure to oppose
16 Defendants' motion to dismiss as a waiver, and may recommend that the motion be
17 granted on that basis.

18     The failure to exhaust the administrative remedies is subject to an unenumerated
19 Rule 12(b) motion to dismiss. <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's
20 & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding
21 a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and
22 decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20 (quoting <u>Ritza</u>, 837 F.2d at
23 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies,
24 the unexhausted claims must be dismissed and the Court will grant the motion to dismiss.
25 <u>Wyatt</u>, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed,
26 which means Plaintiff's case is over. If some of the claims are exhausted and some are
27 unexhausted, the unexhausted claims will be dismissed and the case will proceed forward
28 only on the exhausted claims. <u>Jones v. Bock</u>, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-

26 (2007). A dismissal for failure to exhaust is without prejudice. Wyatt, 315 F.3d at 1120.

If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the First Amended Complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(c); Ritza, 837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

5. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

Plaintiff shall have twenty one (21) days after the date of service of this Second Informational Order to file his response to Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated:   July 30, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE