# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO A. HERNANDEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>LARRY WITEK, et al.,<br><br>             Defendants.<br>_____/ | CASE NO.   1:09-cv-01955-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(ECF No. 27)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Edmundo A. Hernandez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action with a February 6, 2009 Complaint.  (ECF No. 1.)  On June 6, 2011, after screening Plaintiff's Complaint, the Court issued an Order directing Plaintiff to either file an amended complaint or notify the Court if he was willing to proceed on his equal protection claim alone.  (ECF No. 9.)  Plaintiff filed a First Amended Complaint on August 18, 2011.  (ECF No. 12.)  The Court found that the First Amendment Complaint substantively repeated the single cognizable claim found in Plaintiff's original Complaint and omitted his previously filed claims.  (ECF No. 13.)  In lieu of issuing a new screening order, the Court relied on its June 6, 2011 Screening Order and found that Plaintiff's First Amended Complaint stated a cognizable claim for violation of the Equal Protection Clause against Defendants Witek, Harrington, and Denny.  (Id.)  This action is currently proceeding

against these Defendants on Plaintiff's equal protection claim.

On January 13, 2012, Defendants Witek, Harrington, and Denny filed a motion to dismiss on the grounds that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) and state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Mot., ECF No. 27.)  Defendants also argue that Plaintiff's action should be dismissed based on a qualified immunity defense.  (Id.)

Plaintiff has failed to file an opposition and the time for doing so has long since passed.  Local Rule 230.  Defendants filed a notice of non-opposition. (ECF No. 29.)  On July 31, 2012, pursuant to Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court notified Plaintiff of his right, obligations and methods  for opposing the motion and gave him another opportunity to file an opposition by August 24, 2012.  (ECF No. 38.)  August 24, 2012 has since passed without Plaintiff filling an opposition or any other response.  The motion to dismiss is now ready for ruling.

## I. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

### A. Legal Standard

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).  The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint.  Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive and appeals had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) does not impose a pleading requirement, but rather is an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed.R.Civ.P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

**B.    Plaintiff's Claims**

Plaintiff has failed to file an opposition to Defendants' motion to dismiss. Previously, in his First Amended Complaint, he alleged that his equal protection rights were violated when his mother was unable to visit him because her identification card from the Mexican

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

consulate was found to be insufficient for prison identification purposes. (Am. Compl., ECF No. 12.) Defendant Denny denied Plaintiff's mother's visit because of insufficient identification. (Id. at 3.) Plaintiff filed an appeal regarding this incident, and Defendants Harrington and Witek denied it. (Id. at 4.) Plaintiff argued the prison's visitor identification policy was discriminatory against Mexican nationals because no other ethnic group was singled out with regard to credentials required for visitation. (Id. at 4.)

**C.    Analysis**

Defendants move for dismissal pursuant to 42 U.S.C. § 1997e(a). Defendants argue that Plaintiff's Amended Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

According to Defendants, Plaintiff submitted four appeals regarding visitation issues between August 18, 2009 to September 28, 2009, all of which were screened out because submitted on behalf of another inmate or visitor. (Borrero Decl., ECF No. 27-1 at ¶ 8.) Plaintiff's appeal was finally accepted at the informal level of review on October 6, 2009, (Id. at ¶ 9) but denied at that level on October 17, 2009. (Id.) Plaintiff submitted his appeal to the First Level of review on October 26, 2009 and it was assigned Log Appeal No. KVSP-O-09-01749. (Id.) Plaintiff's appeal was denied and Plaintiff received notification of the denial. (Id. at ¶ 9, Ex. Ex. C.) Even though he was advised how to appeal to the Second Level of Review, Plaintiff did not do so. (Id.) Defendants also submit a record from the California Department of Corrections and Rehabilitation's Office of Appeals which shows that Plaintiff failed to pursue any appeal related to this matter to the Third Level of Review. (Foston Decl., ECF No. 27-2 at Ex. A.) In short, the evidence shows Plaintiff failed to exhaust his administrative remedies.

The evidence submitted by Defendants satisfied their burden of demonstrating that Plaintiff failed to exhaust administrative remedies. After Plaintiff's appeal was denied at the informal and First Level of Review, he failed to pursued his appeal to the Second Level of Review. Plaintiff has not disputed the truth of defendants' evidence in this regard. Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies,

and recommends that Defendants' motion to dismiss be granted in its entirety and this action be dismissed without prejudice on those grounds.[2]

## II. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF No. 27) be granted and that this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 30, 2012          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Since the Court recommends that Defendants' motion to dismiss be granted due to Plaintiff's failure to exhaust his available administrative remedies, it does not reach Defendants' arguments that Plaintiff's action should be dismissed for lack of standing or on qualified immunity grounds.